UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN GATOV,

        Plaintiff,

vs.
                                                   Case No. 08-CV-12901
                                                 HON. GEORGE CARAM STEEH

AETNA LIFE INSURANCE COMPANY,
HEWITT ASSOCIATES, LLC, CHRYSLER, LLC,
and JUDITH CRUICKSHANK,

        Defendants.

_____/

ORDER DENYING DEFENDANT CRUICKSHANK'S REQUEST FOR AN
EXTENSION OF TIME TO SECURE LEGAL COUNSEL (# 41) AND
GRANTING DEFENDANT CHRYSLER'S MOTION
FOR PARTIAL DISMISSAL (# 30)

      Defendant Chrysler, L.L.C., moves for partial dismissal of plaintiff Carolyn Gatov's claims of breach of contract, breach of fiduciary duty, negligence, conversion, unjust enrichment, and equitable relief. Defendants Aetna Life Insurance Company and Hewitt Associates, L.L.C. have filed concurrences in the motion. The matter has been fully briefed. Defendant Cruickshank requests more time to secure legal counsel. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion and request for extension of time be resolved without oral argument.

      Gatov filed a complaint on July 8, 2008 alleging her husband Wade Gatov was a Chrysler employee who died on October 11, 2007. Gatov alleges that, as a result of defendants Aetna's, Hewitt Associates', and Chrysler's misconduct, life insurance benefits payable to Gatov were instead improperly paid to Wade's mother, defendant Judith

Cruickshank. Gatov alleges that her husband Wade completed the proper forms designating her as the life insurance beneficiary, and that the defendants misprocessed or lost the forms. Count I alleges violations of §§ 502(a)(1)(B) and 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) and 1140. Count II alleges breach of the life insurance contract. Count III alleges Chrysler, Aetna, and Hewitt Associates breached fiduciary duties owing to Carolyn Gatov by failing to verify that she was the life insurance beneficiary. Count IV alleges the defendants violated "certain duties" owing to Gatov, constituting negligence. Count V alleges the defendants are liable in conversion for taking Gatov's life insurance benefits without her consent. Count VI alleges unjust enrichment. Count VII seeks equitable relief in the form of a court order requiring Cruickshank to return the life insurance proceeds to Gatov or place them in escrow.

Chrysler moved for partial dismissal on September 2, 2008 arguing Gatov's state law claims alleged in Counts II through VII are preempted by federal ERISA law. Gatov filed a response to the motion on September 21, 2008. At a September 30, 2008 scheduling conference, before Chrysler's reply brief was due, Judith Cruickshank's son-in-law, who is not an attorney, appeared in her absence, and the parties discussed settlement options. Believing that a settlement was within reach, the court continued the conference to November 17, 2008. Chrysler filed its reply brief on September 30, 2008.

Gatov, Chrysler, and Aetna appeared through counsel at the November 17, 2008 conference. Cruickshank did not appear. When eventually reached by phone, Cruickshank's son-in-law faxed a settlement offer to chambers, which Gatov declined. On November 18, 2008, the court entered an order granting Gatov leave until December 8,

2008, to file a sur-reply brief in opposition to Chrysler's motion for partial dismissal, and ordered that the matter be held in abeyance through December 8, 2008 to allow Cruickshank time to secure legal counsel.  Gatov filed a sur-reply brief on November 28, 2008.  On December 8, 2008, the court received a written request from Cruickshank for more time to find an attorney.

I.

When a person chooses to represent herself as a defendant in a civil lawsuit, she is not entitled to special treatment over other litigants that are represented by attorneys. Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).  While this court acknowledged in its November 18, 2008 Order that "Cruickshank has the right to continue in these proceedings pro se . . . if she elects to do so," Cruickshank must concomitantly bear the risk of her own mistakes in the same way the parties "who choose counsel . . . must bear the risk of their attorney's mistakes."  Id. at 343.  Cruickshank has not articulated a legitimate reason for continuing to hold this lawsuit and Chrysler's September 2, 2008 motion in abeyance until she finds an attorney.  Unless and until an attorney licensed to practice before this court files an appearance in this lawsuit on behalf of Cruickshank, Cruickshank is deemed to be representing herself, bearing the risks and responsibilities of a party-defendant.  Cruickshank's request for an extension of time to secure counsel will be denied.

II.

In responding to Chrysler's motion to dismiss Gatov's state law claims pursuant to ERISA's preemptive effect, Gatov expresses her agreement to dismiss all of her state law claims against Chrysler and Aetna without prejudice except her claim for equitable relief

as alleged in Count VII, which asks that the life insurance proceeds be placed in escrow. Gatov asserts she is entitled to discovery following a Rule 26 conference to aid in determining the nature of Chrysler's and Aetna's errors. Gatov maintains that the appropriate standard of review can only be determined after discovery is completed. As to Hewitt Associates, Gatov likewise agrees to dismiss the state law claims, again without prejudice, arguing these claims are not subject to ERISA preemption because Hewitt Associates, which processes Chrysler employees' benefit applications, is merely a record keeper and non-fiduciary.

"ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp., 399 F.3d 692, 697 (6th Cir. 2005) (quoting 29 U.S.C. § 1144(a)). ERISA preempts state law claims that: (1) "mandate employee benefit structures or their administration"; (2) provide "alternate enforcement mechanisms"; or (3) "bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself." Id. at 698 (quoting Coyne & Delany Co. v. Selman, 98 F.3d 1457, 1468 (4th Cir. 1996)). In contrast, Congress did not intend to preempt "traditional state-based laws of general applicability that do not implicate the traditional ERISA plan entities, including the principals, the employer, the plan, the plan fiduciaries, and the beneficiaries." Id. at 698 (quoting LeBlanc v. Cahill, 153 F.3d 134, 147 (4th Cir. 1998)). "[W]here 'an ERISA plan's relationship is not governed by ERISA, it is subject to state law.'" Id. at 698 (quoting Smith v. Provident Bank, 170 F.3d 609, 615-16 (6th Cir. 1999)). If a claim is based on a breach of the ERISA plan itself, "the claim is clearly preempted." Id. at 699 (citing Darcangelo v. Verizon Communications, Inc., 292 F.3d 181,

194 (4th Cir. 2002)). "It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." Id. at 702 (quoting Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1276 (6th Cir. 1991)). Courts must distinguish between a claim for denied benefits as opposed to a claim for compensatory damages caused by the breach of a duty arising independent of the benefit plan. Id. at 703.

Chrysler, as Wade Gatov's employer, and Aetna, as the life insurance plan and plan administrator, are traditional ERISA plan entities. Counts II through VII as alleged against Chrysler and Aetna seek benefits under the terms of Wade Gatov's life insurance plan, with Count II alleging breach of the life insurance policy, Count III alleging breach of fiduciary duties arising under the policy, Count IV alleging breach of "certain duties" that include not losing the plan beneficiary forms, Count V alleging Chrysler and Aetna are liable for conversion because they were "at no time" authorized by the plan to "take [Gatov's] benefits away from her, Count VI alleging it was "unjust" for Chrysler and Aetna to pay the life insurance benefits to Cruickshank, and Count VII seeking an order that the life insurance benefits paid to Cruickshank be placed in escrow. Counts II through VII as alleged against Chrysler and Aetna seek enforcement mechanisms alternate to the life insurance plan itself, and seek to bind Chrysler and Aetna to a particular choice – paying Gatov the life insurance benefits – thereby functioning as a regulation of the plan itself. Penny/Ohlmann/Nieman, Inc., 399 F.3d at 698. Counts II through VII as alleged against Chrysler and Aetna are in essence claims for payment of Wade Gatov's life insurance proceeds pursuant to duties owing under his life insurance policy, claims that are clearly preempted by ERISA. Id. at 699, 702-703. Gatov's request that these claims be dismissed

5

without prejudice is without merit as the claims would remain preempted as a matter of federal law if alleged again in state court. Chrysler and Aetna are entitled to the dismissal of Counts II through VII as a matter of ERISA preemption.

Consistent with the court's interpretation of Counts II through VII, these claims likewise allege claims against Hewitt Associates premised on the breach of duties owing under the ERISA life insurance policy. Counts II through VII allege the *same* claims against all of the "defendants" collectively. For example, Count II alleging breach of the life insurance policy alleges "[t]he Defendants lost the form and instead paid" defendant Cruickshank. Gatov's recent argument that Hewitt Associates' relationship with Chrysler and Aetna was as a record keeper and non-fiduciary is inconsistent her allegation that Hewitt Associates breached the insurance contract. On their face, Count Counts II through VII allege a relationship among Hewitt Associates, Chrysler, and Aetna as collective "defendants" that is governed by ERISA. Counts II through VII do not allege alternate theories of recover against each of the "Defendants." See Fed. R. Civ. P. 8(d)(2). To the extent Hewitt Associates "may very well be involved in fiduciary decisions," Gatov's November 28, 2008 Sur-Reply Brief, at 4, Counts II through VII allege Hewitt functioned as a traditional ERISA plan entity, preempting the claims as a matter of law. Penny/Ohlmann/Nieman, Inc., 399 F.3d at 698. Gatov's argument that Hewitt Associates "may well be a 3rd party beneficiary of the contract Hewitt Associates has with Chrysler, Aetna, and/or others" does not transform the claims set forth in the Complaint into state law claims; Gatov does not allege in her Complaint that she enjoys third-party beneficiary status to a contract between Chrysler, Aetna, and/or Hewitt Associates. Gatov's assertion that equitable relief is available under ERISA reaffirms that Count VII, seeking a court order

under state law that the plan benefits be placed in escrow, is preempted by ERISA. Penny/Ohlmann/Nieman, Inc., 399 F.3d at 698-699, 702-703. Hewitt Associates is entitled to dismissal of Counts II through VII as a matter of law because the claims are not based on the breach of a duty arising independent of the ERISA life insurance benefit plan. Id. at 703.

III.

Gatov's ERISA claim as alleged in Count I against Chrysler, Aetna, and Hewitt Associates is a claim for the denial of benefits governed by § 1132(a)(1)(B). Kyro v. General Products Corp., 04-74145, 2005 WL 1802088, *5 (E.D. Mich. July 28, 2005) (citing Weiner v. Klais, 108 F.3rd 86, 91 (6th Cir. 1997)). As such, the claim is subject to an exhaustion requirement. Id. "The administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." Id. at *5 (quoting Miller v. Metropolitan Life Ins. Co., 925 F.2d 979, 986 (6th Cir. 1991)). Suits seeking to compel the payment of ERISA benefits, couched in terms of "equitable relief," are nonetheless claims for "money damages" subject to the exhaustion requirement. Id. at *6.

Chrysler, Aetna, and Hewitt Associates do not, at this time, seek dismissal based on Gatov's failure to exhaust her administrative remedies. Rather, these defendants offer that Gatov should be given an opportunity to pursue her administrative remedies on remand before proceeding further with this lawsuit. This procedure is not without precedent. See Zirnhelt v. Michigan Consolidated Gas, Co., Nos. 04-CV-70169, 06-CV-13433, 2006 WL 3194018, *1 (E.D. Mich. Nov. 1, 2006), aff'd, 526 F.3d 282 (6th Cir. 2008) (recognizing entry of stipulated order requiring the plaintiff to file a formal administrative

claim and appeal before seeking a claim for ERISA benefits in district court). Once administrative remedies have been exhausted before an ERISA plan administrator, the claimant may seek review of the decision in federal district court. Crider v. Life Insurance Co. of North America, No. 3:07-CV-331-H, 2008 WL 239659, *2 (W.D. Ky. Jan. 29, 2008).

> In an action filed under ERISA seeking a review of a denial of benefits [by the ERISA plan administrator], the usual discovery rules do not apply. A court's review of the decision to deny benefits is generally limited to the administrative record created during the initial decision making process. Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 618 (6th Cir. 1998). This is a bedrock rule upon which ERISA decision making and review is grounded. It serves ERISA's purpose of providing "a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." Perry v. Simplicity Eng'g, 900 F.2d 963, 967 (6th Cir. 2000). To allow discovery outside the administrative record would seriously damage the entire conception of ERISA enforcement procedures.
>
> Nevertheless, courts have recognized limited exceptions where "consideration of that evidence is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision, such as an alleged lack of process afforded by the administrator or alleged bias on its part." Wilkins, 150 F.3d at 618. . . . .

Crider, 2008 WL 239659, *2-*3.

Contrary to Gatov's argument, the appropriate scope of review to be applied by this court can only be determined after Gatov has exhausted her administrative remedies. Discovery is not required to complete the administrative process. Allowing Gatov to conduct discovery before an administrative record is assembled and an ERISA administrator renders a final decision would "seriously damage the entire conception of ERISA enforcement procedures." Id. Gatov does not allege or argue that she filed a claim for her husband's life insurance benefits with Chrysler, Aetna, or Hewitt Associates. Further discovery is not warranted unless and until Gatov exhausts her administrative remedies, and after that, only to the extent Gatov seeks discovery under a recognized

8

exception.  Gatov is not entitled to further discovery at this juncture in the lawsuit.

Again, Chrysler, Aetna, and Hewitt Associates have not sought to dismiss Gatov's claim as alleged in Count I.  The parties, for the most part, have been cooperative in attempting to resolve this matter inexpensively and expeditiously.  At one point, the court was left with the distinct impression that a reasonable settlement could be reached that benefitted Wade's child. Considering the continuing availability of administrative review and the possibility of a settlement amicable to all sides, the court awaits further development consistent with the analysis herein.

### IV.

For the reasons set forth above, defendant Cruickshank's request for an extension of time to secure counsel is hereby DENIED.  Chrysler's motion for partial dismissal, concurred in by Aetna and Hewitt Associates, is hereby GRANTED.  Plaintiff Carolyn Gatov's claims as alleged in Counts II through VII are hereby DISMISSED with prejudice as alleged against Chrysler, Aetna, and Hewitt Associates ONLY.

SO ORDERED.

Dated:  January 6, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 6, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk